IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

FILED
12/6/2019
Clerk, U.S. District Court
District of Montana
Helena Division

| UNITED STATES OF AMERICA, Plaintiff, -vs- CHARLES BERNARD PARKE, Defendant. | CR 08-24-BU-CCL<br><br>**ORDER** |
|---|---|

Defendant Charles Bernard Parke requests that this Court reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the United States Sentencing Guidelines. (Doc. 112). Defendant also filed three requests for a status report. (Docs. 114, 118, and 121). Additionally, Defendant asks this Court to set aside the charges in this case on the grounds that his arrest was illegal. (Docs. 115 and 120).

## BACKGROUND

Defendant initially appeared before Magistrate Judge Lynch in Missoula, Montana, on November 13, 2008, to respond to a complaint submitted by a Special Agent for the United States Department of Homeland Security charging Defendant with possession with intent to distribute methamphetamine. An indictment charging Defendant with one count of possession with intent to

distribute methamphetamine, one count of possession with intent to distribute marijuana, and one count of maintaining drug-related premises was filed on December 3, 2008. (Doc. 11). A superseding indictment charging the same three counts was filed on February 23, 2009.[1] (Doc. 34).

On April 15, 2009, Defendant appeared before the Court and entered a guilty plea to Count I of the Superseding Indictment, charging him in Count I with Possession With Intent to Distribute Methamphetamine (50 grams or more of a mixture or substance containing a detectable amount of methamphetamine), in violation of 21 U.S.C. § 841(a)(1). The Superseding Indictment informed Defendant that this offense carries a penalty of a mandatory minimum five years to 40 years imprisonment, and warned Defendant that the penalty could be enhanced for prior drug-related felony convictions. (Doc. 34). The mandatory minimum was increased to ten years and the maximum penalty to life based on the government's filing of an Information Pursuant to 21 U.S.C. § 851. (Doc. 18).

Defendant appeared for sentencing on October 15, 2009. There were no objections to the Presentence Report, which calculated his offense level at 34, based on his designation as a career offender pursuant to U.S.S.G. § 4B1.1(a). His

---

[1] The superseding indictment extended the date range for the first two charges to the period between October 23, 2007, and October 23, 2008 and the date range for the third charge to a period between October 23, 2007, and October 24, 2008.

2

criminal history category was VI, resulting in a guideline range of 262 to 327 months. He was sentenced to a term of imprisonment of 262 months, followed by ninety-six (96) months of supervised release. (Doc. 54).

Defendant submitted a *pro se* notice of appeal, which was filed on October 20, 2009. (Doc. 58). The Ninth Circuit affirmed his sentence on October 27, 2010. (Doc. 70). Less than a year later, in September of 2011, Defendant submitted a document captioned "Rule 33 and Rule 60(b) Motion," which the Clerk characterized as a Motion to Vacate Under 28 U.S.C. § 2255. (Doc. 73). The Court denied the motion on March 22, 2012. (Doc. 77). Defendant attempted to re-litigate the same issues in subsequent filings, and the Court denied his subsequent motions. (Docs. 90, 98, 105, and 111). The Ninth Circuit denied his request for a certificate of appealability (Doc. 106) and the United States Supreme Court denied his petition for a writ of certiorari. (Doc. 108).

## DEFENDANT'S CLAIMS

Defendant claims that he is entitled to a sentence reduction under 18 U.S.C. § 3582(c) because his sentence was imposed based on a guideline that was retroactively reduced by two offense levels by Amendment 782 to the United States Sentencing Guidelines. He also asks the Court to consider his attempts while in prison to better himself by learning various skills.

Defendant also seeks to have his charges in this case set aside based on his allegedly illegal arrest by state officials. Defendant has unsuccessfully raised this argument in the past, but claims that a recent decision by the Montana Supreme Court conclusively establishes the illegality of his arrest.[2]

**DISCUSSION**

Defendant is not entitled to a reduction in sentence based on Amendment 782 because he was sentenced as a career offender. The Ninth Circuit has determined that "retroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders." *United States v. Charles*, 749 F.3d 767, 770 (9th Cir. 2014). The Court need not proceed to the next step and consider the 18 U.S.C. § 3553(a) sentencing factors because Defendant is not eligible for a reduction in sentence.

In its Offer of Proof in support of Defendant's guilty plea, the United States explained that Defendant was arrested by local law enforcement officers on October 23, 2008, based on an "outstanding arrest warrant for a violation of his state probation." (Doc. 40 at 2, ¶ 1). According to the Montana Supreme Court, that arrest warrant was quashed on September 11, 2008. (Doc. 120 at 6).

---

[2] On March 12, 2019, the Montana Supreme Court entered an order directing the Clerk of Court for Butte-Silver Bow County to correct certain entries in Defendant's closed state criminal cases to reflect the fact that a bench warrant for his arrest was quashed on September 11, 2008. A copy of that decision was filed in the record of this case. (Doc. 120 at 5 - 10).

4

Counsel for the United States summarized the government's Offer of Proof during Defendant's April 15, 2009, change of plea hearing and Defendant agreed with the summary. Defendant then entered a knowing and voluntary guilty plea to Count I of the Superseding Indictment.

By entering his unconditional guilty plea, Defendant waived his right to challenge his allegedly illegal arrest. "An unconditional guilty plea waives all non-jurisdictional defenses and cures all ante-cedent defects, allowing only an attack on the voluntary and intelligent character of the plea." *United States v. Brizan*, 709 F.3d 864, 866 - 867 (9th Cir. 2013). Defendant's motion to vacate his conviction is untimely, duplicative, and without merit.

## CONCLUSION

Defendant is not entitled to a sentence reduction based on retroactive amendments to the drug guidelines because his offense level was determined based on his career offender status, not on the drug amount. He waived any right to challenge his arrest by local officials by entering a knowing and voluntary guilty plea. Accordingly,

IT IS HEREBY ORDERED that Defendant's motion to reduce sentence (Doc. 112) is DENIED.

/ / /

IT IS FURTHER ORDERED that Defendant's "Appeal for Relief" (Doc. 115) and "Motion to Set Aside/Vacate/Expunge Full Record of Charge" (Doc. 120) are DENIED.

IT IS FURTHER ORDERED that Defendant's motions for status reports (Docs. 114, 118 and 121) are DENIED as moot.

Dated this 5th day of December, 2019.

_____
CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE