IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>-vs-<br><br>CHARLES BERNARD PARKE,<br><br>Defendant. | CR 08-24-BU-CCL<br><br>**ORDER** |

Defendant Charles Bernard Parke requests that this Court reconsider its denial of his motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the United States Sentencing Guidelines. (Doc. 126). The Court has considered his motion and the separately filed addendum (Doc. 127), along with the entire record in this case, and is prepared to rule.

**BACKGROUND**

Defendant initially appeared before Magistrate Judge Lynch in Missoula, Montana, on November 13, 2008, to respond to a complaint submitted by a Special Agent for the United States Department of Homeland Security charging Defendant with possession with intent to distribute methamphetamine. Magistrate Judge Lynch appointed Katie Olson, a member of the Missoula CJA panel, to represent Defendant. (Doc. 5).

An indictment charging Defendant with one count of possession with intent to distribute methamphetamine, one count of possession with intent to distribute marijuana, and one count of maintaining drug-related premises was filed on December 3, 2008. (Doc. 11). The case was initially assigned to Judge Molloy, who set trial for February 2, 2009. (Doc. 16).

The United States filed and "Information Pursuant to 21 U.S.C. § 851" on December 23, 2008. (Doc. 18). On January 21, 2009, Defendant's then counsel, Ms. Olson, filed an unopposed motion to change his plea from not guilty to guilty. (Doc. 22). Defendant's plea agreement (Doc. 24) and Judge Molloy's order referring the motion to Magistrate Judge Lynch (Doc. 23) were also filed on January 21, 2009. By signing the plea agreement, Defendant acknowledged that he was in fact guilty of the charge contained in Count I of the indictment,, which charged him with knowingly possessing with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). (Doc. 24 at 3 - 4, ¶ 6), and that he was facing a mandatory minimum of ten years imprisonment and maximum penalty of life imprisonment. (Doc. 24 at 4, ¶ 7). Magistrate Judge Lynch set the change of plea hearing for February 4, 2009, (Doc. 25).

The United States filed its "Offer of Proof" on January 27, 2009. (Doc. 26). In the Offer of Proof, the government described the search for Defendant by the Butte Police, who were seeking to arrest him for an outstanding warrant for violation of his state probation. (Doc. 26 at 2, ¶ 1). According to the Offer of Proof, the officers chased Defendant when he ran away after they saw him and he threw away a bag containing over 300 grams of suspected methamphetamine just as they caught up to him. (Doc. 26 at 3, ¶ 3).

As the change of plea hearing began on February 4, 2009, Defendant advised Magistrate Judge Lynch that he would like to withdraw his pending motion to change his plea and retain private counsel. Magistrate Judge Lynch granted Defendant's motion to withdraw his motion to change plea, set trial for March 2, 2009, and ordered Ms. Olson to remain on the case as Defendant's attorney of record until retained counsel filed a notice of appearance, which was to occur on or before February 9, 2009. (Doc. 28). Defendant having failed to retain counsel by the February 9, 2009, deadline and Ms. Olson having moved to withdraw, Magistrate Judge Lynch entered an order granting the motion to withdraw and appointing Andrew Nelson of the Federal Defenders of Montana to represent Defendant. (Doc. 30). On February 19, 2009, Judge Molloy granted Mr. Nelson's motion to continue and set trial for April 13, 2009.

The United States filed a superseding indictment on February 23, 2009. Like the original indictment, the superseding indictment charged Defendant with one count of possession with intent to distribute methamphetamine, one count of possession with intent to distribute marijuana, and one count of maintaining drug-related premises The superseding indictment extended the date range for the first two charges to the period between October 23, 2007, and October 23, 2008 and the date range for the third charge to a period between October 23, 2007, and October 24, 2008. (Doc. 34).

The undersigned agreed to take this case from Judge Molloy in March of 2009, because Judge Molloy was in the middle of trial in *United States v. W.R. Grace*, CR 05-07-M-DWM. (Doc. 36). Defendant's then-counsel, Mr. Nelson, filed a motion to change plea on March 24, 2009. (Doc. 39). The "United States' Offer of Proof" (Doc. 40) and the "Plea Agreement" (Doc. 41) were both filed on March 25, 2009.[1]

On April 15, 2009, Defendant and Mr. Nelson appeared before the Court for a hearing on Defendant's motion to change plea. During that hearing, Defendant stated that he was fully satisfied with his counsel's representation. (Doc. 48 at 7).

---

[1] The undersigned compared the Offer of Proof and Plea Agreement filed in March of 2009 with the earlier filed Offer of Proof and Plea Agreement before the April 15, 2009, change of plea hearing and noted their similarity. Except for minor changes necessary to account for the filing of a superseding indictment, the documents are almost identical.

During the hearing, the undersigned discussed the most important terms of the plea agreement with Defendant to ensure that he understood them. The terms discussed included the fact that the government was not promising to file either a 5K1.1. or Rule 35 motion for downward departure, but that if the government did file such a motion, Defendant waived his right to appeal the sentence or to file a 2255 motion. (Doc. 48 at 10). The undersigned also explained that Defendant faced a mandatory minimum penalty of ten years incarceration and a maximum penalty of life imprisonment, (Doc. 48 at 12), that the guideline range could not be determined until after the probation officer's investigation, and that the Court could depart or vary from the advisory guideline range. (Doc. 48 at 13).

Defendant agreed – on the record, in open court, and under oath –, that the quantity of methamphetamine involved in his drug offense exceeded 50 grams and there was a detectable amount of methamphetamine in the mixture as charged in the Superseding Indictment. (Doc. 48 at 15). Defendant also agreed with the prosecution's summary of the facts it could prove. (Doc. 48 at 15). That summary included the statement that the Butte police were looking for Defendant on October 23, 2008, based on an outstanding warrant and the statement that the bag he threw away immediately before he was arrested by the Butte police contained over 300 grams of suspected methamphetamine. (Doc. 48 at 14 - 15).

At the conclusion of the change of plea hearing, the Court found Defendant competent and capable of entering an informed plea. (Doc. 48 at 17). The Court also found that Defendant understood the nature of the charges and penalties and that his plea was free, voluntary, and supported by a sufficient factual basis. (Doc. 48 at 17). After the Court granted Defendant's motion to change his plea, Defendant entered a guilty plea to Count 1 of the Superseding Indictment, which the Court accepted. (Doc. 48 at 17). The Court set sentencing for September 15, 2009, and ordered the probation officer to complete his presentence report and disclose it to the parties on or before August 11, 2009. (Doc. 44).

On August 6, 2009, Defendant sent a letter to the undersigned asking to withdraw his guilty plea on the grounds that his attorney had coerced him into entering a guilty plea. (Doc. 45). The Court entered an order directing the Clerk to provide defense counsel with a copy of the letter and noting that the Court would hear from Defendant and defense counsel on September 15, 2009, at the time set down for sentencing. (Doc. 47).

On August 26, 2009, Mr. Nelson filed a motion to withdraw as counsel of record for Defendant. (Doc. 49). Defendant, Mr. Nelson, and counsel for the government appeared before the Court on September 15, 2009, and the Court heard from both Defendant and Mr. Nelson on the issues raised in Mr. Nelson's

motion to withdraw and Defendant's *pro se* motions.² At the conclusion of the hearing, the Court granted Mr. Nelson's motion to withdraw, appointed CJA counsel Steve Haddon (Mr. Haddon) to represent Defendant for future proceedings, and continued the hearing on Defendant's motion to withdraw his guilty plea. (Doc. 68 at 15 - 16). The next day, an order was filed denying Defendant's additional *pro se* requests, memorializing the rulings made in open court, and setting both the continued hearing on the motion to withdraw and Defendant's sentencing for October 15, 2009. (Doc. 51).

Defendant and his then counsel and government counsel appeared before the Court on October 15, 2009.³ The Court first took up the issue of Defendant's motion to deny his guilty plea. Mr. Haddon stated that his factual investigation and legal research during the month between his appointment as Defendant's counsel and the date set for the continuance of the hearing on his client's *pro se* motion to withdraw his guilty plea had led Mr. Haddon to conclude that there was no factual or legal support sufficient to warrant setting aside the guilty plea. (Doc. 66 at 5 - 6).

---

² The undersigned reviewed the transcript of the September 15, 2009, hearing (Doc. 68) to refresh recollection of the arguments made at that hearing, which occurred over ten years ago.

³ The undersigned reviewed the transcript of the October 15, 2009, hearing (Doc. 66) to refresh recollection of the arguments made at that hearing, which occurred over ten years ago.

The Court allowed Defendant to address the issue and Defendant claimed that his previous counsel, Mr. Nelson, had misled him into believing that he could get Defendant a sentence under the ten-year mandatory minimum based on the offer of "a 5K1 something that never became in the paperwork of my guilty plea." (Doc. 66 at 7). Defendant stated that he entered the guilty plea because he relied on his former counsel's promise that he could get a deal from the government. (Doc. 66 at 8).

The Court then gave counsel for the government an opportunity to provide any information he deemed relevant to the issue. Counsel for the government explained that Defendant had been debriefed by a government agent in connection with a possible 5K1.1 motion but no motion was made because he was not candid during the debriefing. (Doc. 66 at 12). Government counsel pointed out that the plea agreement was clear that the United States was not promising it would move for downward departure under 5K1.1. (Doc. 66 at 12). The Court ruled that Defendant failed to meet the standard required to warrant allowing him to withdraw his plea, found that Defendant was competent to proceed with sentencing and proceeded to the sentencing hearing. (Doc. 66 at 14).

There were no objections to the Presentence Report, which calculated Defendant's offense level at 34, based on his designation as a career offender

pursuant to U.S.S.G. § 4B1.1(a). His criminal history category was VI, resulting in a guideline range of 262 to 327 months. The Court sentenced Defendant to a term of imprisonment of 262 months, the low end of the advisory guideline range. (Doc. 54). The decision to sentence Defendant at the low end of the range was based primarily on his serious health issues.

Defendant submitted a *pro se* letter captioned "Notice of Appeal," which was filed on October 20, 2009 in the district court record. (Doc. 58). Because Defendant was represented by appointed counsel (Mr. Haddon), the Ninth Circuit Appellate Commissioner entered an order declining to entertain Defendant's *pro se* letter. (Dkt. 5-1).[4] The Appellate Commissioner also ordered Mr. Haddon to file a response to Defendant's *pro se* letter. (Dkt. 5-1). In his response, Mr. Haddon indicated that he had spoken with Defendant via telephone and exchanged written communications and his client did not seek appointment of new counsel or dismissal of the appeal. (Dkt. 8 at 3). Upon receipt of Mr. Haddon's response, the Ninth Circuit Appellate Commissioner ruled that the appeal would proceed with Mr. Haddon continuing as counsel of record. (Dkt. 9).

On October 27, 2010, the Ninth Circuit affirmed Defendant's sentence in an unpublished decision. (Doc. 70). Less than a year later, in September of 2011,

---

[4] References to numbers proceeded by "Dkt" are to docket entries in *United States v. Parke*, Appeal No. 09-30375.

Defendant submitted a document captioned "Rule 33 and Rule 60(b) Motion," which the Clerk characterized as a Motion to Vacate Under 28 U.S.C. § 2255. (Doc. 73). The Court denied the motion on March 22, 2012 in a nineteen page order explaining the decision to characterize the motion as one made under 28 U.S.C. § 2255, thoroughly addressing all of his arguments, and deeming them to be without merit. (Doc. 77).

Over a year later, Defendant filed a motion to appoint counsel (Doc. 79), which the Court denied on June 6, 2013. (Doc. 83). Almost two years after the Court denied Defendant's § 2255 motion, Defendant filed a motion entitled "Omnibus Motion" (Doc. 81) which challenged the Clerk of Court's recharacterization of his prior "Rule 33 and Rule 60(b) Motion" (Doc. 73) as a § 2255 motion. After giving Defendant the opportunity to amend the motion, the Court denied it. (Doc. 90). Defendant filed a document captioned "Appealing Court's Order of Denial" (Doc. 91) and the Ninth Circuit Appellate Commissioner remanded the case for the limited purpose of granting or denying a certificate of appealability. (Doc. 92). The Court then entered a nine-page order denying the certificate of appealability. (Doc. 93). On June 12, 2015, two judges of the Ninth Circuit denied Defendant's request for a certificate of appealability and denied his pending motions before the Ninth Circuit as moot. (Doc. 94).

Defendant attempted to re-litigate the arguments already rejected by the Court in October of 2015, by filing a document captioned "Petition for Writ of Audita Querela," in which he argued that he was presenting "new facts that became available after entry of the guilty plea." (Doc. 95 at 2). The Court denied the petition in April of 2016, explaining that Defendant had waived his constitutional rights pertaining to his arrest and the seizure of his property by entering an unconditional guilty plea. (Doc. 98 at 3). The Court also pointed out that it had found the plea to be knowing and voluntary. (Doc. 98 at 4).

Defendant filed a document captioned "Notice of Appeal" (Doc. 99) and the Ninth Circuit Appellate Commissioner remanded the case for the limited purpose of granting or denying a certificate of appealability. (Doc. 101). On May 27, 2016, the Court entered a four-page order denying the certificate of appealability. (Doc. 102). Defendant next filed a document captioned "Motion to Take Judicial Notice of Filing Error As No Certificate of Appealability is Needed" (Doc. 103), which the Court denied on June 8, 2016. (Doc. 105). On August 1, 2016, two judges of the Ninth Circuit denied Defendant's request for a certificate of appealability and denied any pending motions before the Ninth Circuit as moot. (Doc. 106). The United States Supreme Court denied Defendant's petition for a writ of certiorari. (Doc. 108).

Defendant filed two more motions in August of 2017. (Docs. 108 and 109). The Court denied those motions on August 29, 2017. (Doc. 111).

On July 9, 2018, Defendant filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the United States Sentencing Guidelines. (Doc. 112). As of October 22, 2019, Defendant had filed three requests for a status report, (Docs. 114, 118, and 121), and two motions requesting that his charges in this case be set aside on the grounds that his arrest was illegal. (Docs. 115 and 120). The Court considered all of these documents, along with an addendum filed on November 26, 2019, and denied all of his pending motions in an order filed on December 6, 2019.

The Clerk of Court promptly sent the December 6, 2019, filed order to Defendant at the address he had provided. The mailing was returned as undeliverable on December 19, 2019. (Doc. 124). Defendant signed his change of address notice on December 19, 2019, and it was filed on December 26, 2019. Defendant's pending motion for reconsideration and the addendum to that motion were filed on January 2, 2020. The motion is dated December 27, 2019, and the addendum is dated December 28, 2019. Although the Court does not normally entertain motions for reconsideration in criminal cases, it is doing so in this case so that Defendant will be able to appeal this order.

**DISCUSSION**

Defendant presents no new facts or law in his motion for reconsideration. Defendant continues to argue, as he has in prior filings, that he was denied his right to appeal his conviction and sentence. The record in this case, as outlined above, belies that claim.

As the Court explained in its April 15, 2016, and December 6, 2019, orders, Defendant waived his right to challenge his allegedly illegal arrest by entering an unconditional guilty plea. (Docs. 98 and 123). The Court found the plea was both knowing and voluntary when it accepted the plea and made the same finding when it denied his motion to withdraw. Defendant unsuccessfully sought a certificate of appealability as to the Court's order denying his motion for writ *audita querela* (Doc. 98) from both this Court and the Ninth Circuit. To the extent that Defendant is asking this Court to reconsider its previous denials of his motions to vacate his conviction based on a challenge to his arrest, his motion to reconsider is untimely, duplicative, and without merit.

Defendant was allowed to challenge the reasonableness of his sentence on appeal. The Ninth Circuit affirmed the sentence, finding that this Court "did not procedurally err, and the sentence is substantively reasonable under the totality of the circumstances." (Doc. 70 at 2).

Defendant is not entitled to a sentence reduction based on retroactive amendments to the drug guidelines because his offense level was determined based on his career offender status, not on the drug amount. Accordingly,

IT IS HEREBY ORDERED that Defendant's motion for reconsideration (Doc. 126) is DENIED. The Court will entertain no additional motions for reconsideration of this order and will summarily dismiss any motions attempting to re-litigate the issues decided by this Court in this or any previous orders. Defendant, however, is free to appeal the denial of the Court's motion to reconsider his motion for sentence reduction without a certificate of appealability.

Dated this 31st day of January, 2020.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE