In the United States District Court Helena Montana Division

United States of America

v.

Charles Bernard Parke

Motion for Compassionate Release / CARES ACT HR 748

Case No. CR-08-04-BU-CCL

I write this Motion, Pro se to the Honorable Court in these trying times wishing you all are OK in Montana with the Corona Virus Pandemic going on. This Motion for Compassionate Release and/or CARES ACT HR 748 Release to Home, this is in Direct Responce to the present Declaration of National Emergency by the past President Mr. Trump & Attorney General Mr. Barr of the Successful passage of HR 748 on March 26, 2020. The CARES ACT letter "Prioritization of the Emergency Release to Home Confinement As the Appropriate Response to COVID-19 Pandemic. The policy guidence is outlined in these document pages of the Request Motion for either of the two Reliefs so the defendant can get the Medical Care and Social Distancing that is Needed to be Safe.

I file this in concern of significant efforts to obtain Relief from the Bureau of Prisons or the United States District Court. I filed to the Warden Ponce (FCI Terminal Island) 3/29/2020 for Relief and was finely denied 8/12/2020, See Responce. I filed to the Honorable Court 4/4/2020 that was denied without prejudice. Defendant Referenced United States v. Brannan 4:15-cr-80-01 (S.c. Tx 4-2-2020). Then I filed to Regional Administrative Office, Grand prairie TX. 4/29/2020 and still <u>have Not</u> Recieved an Answer? Filed to BOP Central Office 6/5/2020 after 30 days, furthering my Administrative Remedy by the program statement 5050.50, Compassionate Release / Emergency Release to Home-Confinement and still to date 2/16/2020 <u>have Not</u> Recieved an Answer? Both procedures are for implementing 18 USC § 3582(c)(1)(A), 4205(g) or 18 USC § 3640(c) under Section 12003(b)(2) of the <u>Corona Virus Aid</u>, Relief and Economic

/ of 5

Security (CARES ACT) pursuant to 28 USC § 1331 Relief from conditions of confinement (Cannot see outside Doctor's and Appointments for Echo cardiograms for my 2 open Hearts or MRI's with No Social Distancing at all) that this Institution is Not A USP or Medium that Are Eighth (8th) Amendment Violations, 5 USC § 702 Administrative Procedure Act, 28 USC § 2241 Habeas Corpus, and Article I, §9, c1, 2 of the United States Constitution. Also See: U.S. v Sherwood, No. 20-4085, 2021 U.S. App. LEXIS 2806 (6th Cir. Feb. 2, 2021) that about 90 days ago, the 6th Circuit Court Ruled in United States v. Jones, the Sentencing Commission has Not been able due to too few members/Quorum (deliberative bodies) for business to be transacted to Amend Compassionate Release (C.R.) policy statement 1B1.13, District Judges have NO obligation to follow the Old version of the guidelines. That the old policy Statement set Restrictive definitions as to what Constitutes "extraordinary and compelling Reasons for a Reduction, and Required Judges

Among other things to determine that a prisoner "is Not a danger to another person or to the Community, As provided in 18 USC § 3142(g). Please look at PSI report as I Also send my Male Pattern Risk Scoring, Male Custody Classification Form and Individualized Need Plan-Program Review (that shows All the programing (drug Education, Tech Training) Education Technology, Rehabilitation) that I have done. Also See the Home Confinement And Community Control Agreement to be placed in EMERGENCY Home Confinement that was granted/Ok by the Supervising Release Office, Omaha/Bellevue, NE. Ms. Chessy that is/was waiting for me to check in/Report to her Office. As this Honorable Court Now has jurisdiction over the Request of this Motion.

I am currently 53 years old with two (2) Open-Heart Surgere's, Mechanical Valve Replacement (Saint Jedes Valve Transplant) in my out going Aorta Valve due to strep throat, Lung & Immune deficiency's caused by a mute cold infection, Pre diabetic, Deteriorating disc's in my back, Gout, obesity, broke both my ankles & left knee in forest fires fighting in Montana years ago. All these factors under 18 USC § 3582(cc)(1)(A)(i) Claiming that COVID-19 coupled with defendants medical condition's All to-

2 of 5

gether constitutes "Extraordinary and Compelling Reasons for Release" and "the 18 USC § 3553(a) factor also weighes in the favor of granting the Relief." The multiple physical impairments, plus the highly medicated factors with Apixaban-Eliquis or Warfarin, Allepurinal, Ciproflox, indomethacian, Carvedile, Lisinepril, Furosemide, Omeprazale, Acetaminophen I am classified as one of the Highest Risk factors from CDC for COVID-19 for serious illness or death. With the current National Emergency I should at least be put in Home-Confinement "CARES ACT HR 748."

This is after COVID-19 recent serge in the Federal Prisons system. Many district courts have found the exponential increase of COVID-19 within the Bureau of Prisons constitutes extraordinary and compelling circumstances. See; e.g., United States v Foster, No. 1:14-CR-324-02 (M.D. Pa. App. Apr. 3, 2020) (The circumstances faced by our prison system during this highly contagious, potentially fatal Globle Pandemic are unpresidented. "It is No stretch to call this environment 'Extraordinary And Compelling,' And we all believe that; should not the Courts Reduce Defendants Sentences or put them in Emergency Release to Home-Confinement, Defendant's have a highly likelyhood of contracting COVID-19 from Officer's & Fellow Inmate's which they would "expect Not to Recover." USSG % 1B1.13 No Rational is more compelling or extraordinary.); United States v. Colvin, No. 3:19-CR-179 (JBA) 2020 WL 1613943 (D. Conn. Apr. 2, 2020); United States v. Williams, No. 3:04-CR-95-MCR (N.D. Fla. Apr. 1, 2020); And United States v. Jepsen, No. 3:19-CR-00073 (VLB) 2020 WL 1640232 (D. Conn. Apr. 1, 2020).

Moreover, the Sentencing factors under 18 USC § 3553(A) support granting defendant a reduction during this unpresident times. In Pepper V. United States, No. 131 S. Ct. 1229, 1241 (2011), the Supreme Court emphasized the vital Nature of post-sentencing Rehabilitation, stating that "there would seem to be No better evidence than a defendant's past incarceration conduct." Id. Since defendant's incarceration he has completed multiple Drug treatments, Technology programs and even Recieved

Equiptment & Engine Training Councel Nation Wide (USA) Certification. See: Inmate Individulized Need Plan - Program Review Form.

Upon release from C.R. or CARES Act I will be going to my Sister Liane Parke and Niece Mary Hoy Home. My Niece (Mary) went into the Air Force and her Mother & Grandma followed her with the grandchildren so I have No family in Montana (close to me) and want a better life with them and for myself. Address Liane & Mary Parke, 807 N. 5th St, Bellevue, NE. 68005. To be supervised by the Omaho, Nebraska Office Ms. Chessy that is whithing my release. I also want to go back to Tecknology College and finish my Computor Tech training and get the degree to better my Job Employment opperrtunity's.

In addition, there are other considerations that comes to bear upon a dicision to grant defendant early Release pursuant to 18 USC § 3582(c)(1)(A). Compassionate Release deeply implicates fundamental human Rights principles. A Report by Attorney General Eric Holder in August 2013, Noted that four months Earlyer, the Bureau of Prisons "expanded to Medical cr. teria that will be considered for Inmates seeking compassionate Release."

The current Pandemic of COVID-19 as it pertains to defendants Compromised health was Not fully present with the factors this disease at the time of his sentencing, and keeps getting worse by the day. Keeping a prisoner incarcerated past the point of serving a legitimate purpose, especially when contenued incarceration Risks an inmates Life, is inhuman and senseless. This is clearly the case with the defendant. Further, Releasing the defendant makes good since to the BOP and Courts, because The DOJ has recently acknowledged that the ever-expanding federal prison population and the budget of Nearly $6.2 billion that the BOP has used to keep prisoners lock-up are unsustainable. According to the Department of Inspector General, the growing and aging federal prisoners population consumes an even-larger portion of the departments budget, contributing to over-

4 of 5

crowding and jeopardizes the safety and well-being of federal prisoners, and may force budget cuts to other DOJ components.

One of the most readily, feasible, and sensible steps the BOP/Courts can make to reduce federal prisoners expenditures would be to ensure the Compassionate Release, CARES Act functions as Congress intended, with the Attorney General Mr. Barr and the past President Mr. Trump put into Law. Increasing the number of prisoners who are granted these releases would both markedly reduce the total federal prison population that would free the BOP from unnecessary security costs of confining prisoners who pose NO Risk or harm that could die of COVID-19, if they cannot get the HELP and Social Distancing Need.

On August 3, 2017 U.S. Senator Brian Schatz, along with 11 U.S. Senators extended their concern to Dr. Thomas R. Kane, then Acting Director of the Federal Bureau of Prisons, and then Attorney General J. Rod Rosenstien about the BOP's actions concerning Compassionate Release. One of the Concerns Arising is that "Congress gave the Commission the Authority to determine the conditions by which an individual in federal prison could be Released for 'extraordinary and compelling reasons.'" In the letter, it was also noted that individuals 'Released under Compassionate Release have a 3.5% Recidivism Rate, the lowest rate among all of these former incarcerated. Additionally, incarcerated individuals 50 years and older have 15% Re-Arrest Rate, compared to 41% Re-Arrest Rate for the general prison population.

Upon consideration of the relevent factors, I respectfully submit that, Mr. Parke warrants under 18 USC § 3582(c)(1)(A) for a Reduction of Sentence or CARES Act pursuant to the BOP program statement 5050.50 that should have already been in Home Confinement to protect his life from mishap of this COVID-19 disease.

2/17/2021  1:45 P.M.
date       time

5 of 5

Respectfully
Charles B Parke
CHARLES BERNARD PARKE
"All Rights Reserved"