Charles B. Parke (#10211-046)
FCI Terminal Island
Federal Correctional Institution
P.O. Box 3007
San Pedro, CA 90733

JUN 01 2021
Clerk, U.S. Courts
District of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| UNITED STATES OF AMERICA, Plaintiff, | Case: CR 08-24-BU-BMM |
|---|---|
| v. | MOTION TO CLARIFY REPLY |
| CHARLES B. PARKE, Defendant. | Judge: Hon. BRIAN MORRIS (CHIEF DISTRICT JUDGE) |

In my Reply memo, from pages 59-78 I discuss and argue as both an "extraordinary" reason and part of §3553(a) consideration, the legally untenable §4B1.1 "career offender" enhancement in my case. I point out my possible §2241 claim based on the Ninth Circuit's decision in Allen v. Ives, 950 F.3d 1184 (9th Cir. 2020). But, I've since discovered a district court decision (Jaramillo v. United States, 2020 U.S. Dist. LEXIS 83075, (D. Arizona, May 11, 2020) which directly disputes my ability to raise an "actual innocense" defense to a §4B1.1 enhancement after United States v. Booker, 543 U.S. 220 (2005) - meaning since I

was sentenced after <u>Booker</u>.

Therefore, I would like to clarify that my pending motion for compassionate release may be the only available avenue for a court to consider this issue. Thus, to the fullest extent possible in light of <u>United States v. Bautista</u>, (No. 19-10448)(9th Cir., Dec. 11, 2020) and other authority cited in my Reply (showing the district court has broad discretion to consider <u>any</u> extraordinary and compelling reasons, decoupled from USSG §1B1.13) I am requesting that this court consider — in total — the career-offender arguments I've put forth and in all necessary respects decide the arguments raised in Reply to the government's renewed claim in its opposition that the §4B1.1 enhancement was and is "still" valid.

Respectfully submitted: <u>May 20, 2021.</u>

Sincerely,

x <u>Charles B. Parke</u>
Charles B. Parke (#10211-046)
Defendant, pro se