IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 08-24-BU-BMM |
| Plaintiff, | |
| vs. | ORDER |
| CHARLES BERNARD PARKE, | |
| Defendant. | |

On March 3, 2021, Defendant Charles Bernard Parke moved the Court (Doc. 137) to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A).  He is currently serving a sentence of 262 months for a federal drug offense.  *See* Judgment (Doc. 55).  His scheduled release date is August 16, 2027.  *See* Inmate Locator, www.bop.gov/inmateloc (accessed Sept. 20, 2021).  Parke is currently on home release with his sister and niece in Bellevue, Nebraska, having been approved for home confinement by the Bureau of Prisons ("BOP").  (Doc. 151) at 2.  Parke's sister and niece are soon to move to South Dakota and Parke has been told by his parole officer that this move endangers his continued home confinement and may

1

mandate his return to Terminal Island FCI.  (Doc. 152) at 1.  As of September 27, 2021, no inmates and three staff members have currently tested positive for COVID-19 at Terminal Island FCI, California, where Parke was incarcerated. Four-hundred-sixty-six inmates and fifty-eight staff members have recovered.  *See* Interactive Map, www.bop.gov/coronavirus (accessed Sept. 27, 2021).

After considering the factors of 18 U.S.C. § 3553(a), the Court may reduce Parke's sentence if "extraordinary and compelling reasons warrant such a reduction" and if the reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A) & (i); *see also* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(1)(A).  The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 18 U.S.C. § 3582(c)(1)(A) motions filed by a defendant, but they are not binding.  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  The guideline contemplates that a defendant's medical condition might constitute an "extraordinary and compelling reason."  *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(C). The defendant must also show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."  Section 3142(g) requires the Court to consider, among other things, "the nature and circumstances of the offense" of conviction and "the history and characteristics of the person,

including . . . the person's character [and] physical . . . condition."  18 U.S.C. §

3142(g)(1), (3)(A).

Parke suffers from several, serious medical conditions that put him at

continued risk of contracting COVID-19, including morbid obesity, hypertension,

and multiple heart valve replacements.  (Doc. 149) at 1–2.  The Centers for Disease

Control and Prevention ("CDC") have determined that people suffering from

severe obesity and heart conditions, including hypertension, are at greater risk of

developing severe illness as a result of contracting the coronavirus.  *See People

with Certain Medical Conditions*, CTRS. FOR DISEASE CONTROL & PREVENTION,

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-

medical-conditions.html (last updated Aug. 20, 2021).

Terminal Island FCI has also withheld and postponed treatment for Parke's

heart condition in the past due to the ongoing COVID-19 crisis.  *See* (Doc. 140-2)

at 4, 12, 16.  The BOP assigned Parke to home confinement in recognition of the

fact that "home confinement would present a lower risk of contracting COVID-19"

in light of his "specific covid-19 risk factors . . .  obesity, hypertension, and heart

valve transplant."  (Doc. 140-2) at 44.  The BOP's choice to temporarily remove

Parke from Terminal Island FCI, in conjunction with his prior issues attaining care

while there, demonstrates that Parke's symptoms have diminished his ability to

function in prison.  He has shown an extraordinary and compelling reason for permanent release.

As for Parke's dangerousness, the Male Pattern Risk Scoring conducted by the BOP indicates that Parke is at low risk of recidivism.  (Doc. 143-1) at 60–62. His career offender designation arose from two prior drug convictions committed in Montana and one in Idaho. (Doc. 113) at 8-10.  Changes in federal law since Parke's designation as a career offender provide additional support for his release. Congress amended the Controlled Substances Act in 2018 to exclude hemp from its definition of controlled substance, whereas Montana Code Annotated § 50-32-101(18) fails to distinguish marijuana from hemp and other plants with low tetrahydrocannabinol (THC) content.  Where the state law is broader than its federal counterpart, it no longer qualifies as a predicate offense for career offender status under the Federal Sentencing Guidelines.  *See United States v. Bautista*, 989 F.3d 698, 701 (9th Cir. 2021).  Parke's Montana marijuana conviction would not have qualified him as a career offender were he sentenced today.  Under 18 U.S.C. § 3553(a), the Court should analyze the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  The change in federal law since Parke's conviction indicates that the sentence enhancement Parke received for his marijuana

conviction is not necessary to reflect the seriousness of the offense, nor to promote respect for the law.

Parke's medical condition is an extraordinary and compelling reason warranting his release. With appropriate conditions of supervision, he will not pose a danger to others and granting him compassionate relief is supported under 18 U.S.C. § 3553(a) factors.

Accordingly, IT IS ORDERED:

1. Parkes's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 137) is **GRANTED**.

2. As of the date of this Order, Parke's sentence is **REDUCED** to 201 months with an adjusted release date of September 16, 2022.

3. This Order is **STAYED** for up to 21 days to allow the United States Probation Office time to verify an alternative residence for Parke to continue his home confinement for the duration of his reduced sentence, with preference for placement with his sister, Liane Parke, and niece, Mary Vomora, at their new residence at 4185 Jerry Drive Rapid Valley, South Dakota.

4. Until the United States Probation Office can verify a permanent residence for Parke to serve his home confinement, Parke is remanded to Dismas Charities, Inc., in Omaha, Nebraska.

4.  If more than 21 days are needed to accomplish these objectives, the United States must so notify the Court and demonstrate good cause why the stay of this Order should be extended.

5.  The United States Probation Office shall review Parke's conditions of home confinement and consult with counsel for both parties about modifications.

6.  Parke must provide the Court with the complete address of where he will reside during the duration of his home confinement.

DATED this 28th day of September, 2021.


_____
Brian Morris, Chief District Judge
United States District Court